IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HARRY E. DAVIS, | ) | 4:09CV3269 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| C/O MILKAN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on December 31, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on December 31, 2009, against the "C/O Milkan" ("Milkan"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Lincoln Correctional Center in Lincoln, Nebraska. (*See* Docket Sheet.)

Plaintiff's Complaint is difficult to decipher. As best as the court can tell, Plaintiff alleges that Milkan threw away his "Zipple lighter" instead of sending it to his family. (Filing No. 1 at CM/ECF p. 4.) Plaintiff asks the court to release him from prison. (*Id*. at CM/ECF pp 4-5.) He also seeks monetary damages. (*Id*. at CM/ECF p. 5.)

-1-

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that Milkan deprived Plaintiff of his property without procedural due process. The Due Process Clause of the Fourteenth Amendment prohibits governments from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. However, an allegation that a state official negligently or intentionally

deprived a prisoner of his property fails to state a claim under section 1983 if the prisoner has an adequate state post-deprivation remedy. *See New v. Minneapolis*, 792 F.2d 724, 725 (8th Cir. 1986) (concluding that a negligent act or omission by an official causing unintended injury to life, liberty or property does not result in a violation of due process); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (stating that an intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *see also Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.") (per curiam). In Nebraska, conversion is the state-law remedy for a wrongful act that deprives an owner of his or her property. *Nielsen v. Nielsen*, No. A-03-1049, 2004 WL 1607688, at *6 (Neb. Ct. App. July 20, 2004).

Here, Plaintiff does not explain why Milkan threw his lighter away. Stated another way, Plaintiff has not alleged that Milkan negligently or intentionally deprived him of his property. Further, Plaintiff has not alleged that Nebraska's state-law remedies are inadequate to address his claims. Thus, Plaintiff has failed to state a claim upon which relief may be granted and his Complaint must be dismissed.[1] However, because Plaintiff may have a state-law claim for conversion, the court will

---

[1] To the extent that Plaintiff's Complaint challenges his current confinement, it must also be dismissed. Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

dismiss his Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 8th day of March, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

-4-